STATE OF NORTH CAROLINA v. DONNIE RAY TATUM

No. 798SC575

(Filed 20 November 1979)

**Criminal Law §§ 157, 166— brief—record on appeal—omission of necessary parts**
 Defendant's appeal was subject to dismissal for failure to refer to assignments of error and exceptions immediately following each question presented in his brief and for failure to include the bill of indictment in the record on appeal.

APPEAL by defendant from *Barefoot, Judge*. Judgment entered 10 April 1979 in Superior Court, WAYNE County. Heard in the Court of Appeals 13 November 1979.

Defendant was convicted of armed robbery and judgment imposing a prison sentence of not less than fifty nor more than sixty years was entered.

*Attorney General Edmisten, by Assistant Attorney General Thomas F. Moffitt, for the State.*

*Donald M. Wright, for defendant appellant.*

VAUGHN, Judge.

We note at the outset that defendant is represented by court-appointed counsel. The Rules of Appellate Procedure, however, must be observed by attorneys who are paid at public expense as well as by those who are privately retained.

Rule 28(b)(3) of the Rules of Appellate Procedure clearly provides that immediately following each question presented in appellant's brief there shall be

"a reference to the assignments of error and exceptions pertinent to the question, identified by their numbers and by the

pages of the printed record on appeal at which they appear. Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned."

The brief filed by appellant ignores the foregoing requirement of the Rules of Appellate Procedure.

Rule 9(b)(3)(iii) requires that the record on appeal in criminal cases shall include "copies of all warrants, informations, presentments, and indictments upon which the case has been tried in any court . . . ." The record on appeal served on the District Attorney in this armed robbery case did not contain a bill of indictment. It contained only a deputy clerk's arrest warrant. The District Attorney, nevertheless, stipulated that "the foregoing has been settled as and is hereby constituted the Case on Appeal . . . ." As so "settled," the record on appeal was docketed in this Court without a bill of indictment. The defect in the record was not the subject of any comment in the brief of the Attorney General. If defendant was tried only on the arrest warrant, we would have to arrest judgment. N.C. Const. art. I, § 22. On our own initiative this Court determined that defendant was indeed tried on a proper bill of indictment and has caused a true copy of that indictment to be filed in this Court.

The appeal is subject to dismissal. We have, however, considered the assignments of error defendant attempts to assert. Even if properly presented, they could not disclose prejudicial error.

Appeal dismissed.

Judges WEBB and MARTIN (Harry C.) concur.